

**Matin Emouna**
*Admitted in NY, NJ & CT*
memouna@emiklaw.com

# LETTER REQUESTING APPOINTMENT OF CURCIO COUNSEL

September 22, 2021

chambersnysdseibel@nysd.uscourts.gov
Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re:  *United States v. Mehdi Moslem et al.*,
          19 Cr. 547 (CS)

Dear Judge Seibel:

  As you are aware, my firm, Emouna & Mikhail PC, is counsel of record for Defendant Mehdi Moslem and Brafman & Associates, were counsels of record for Defendant Saaed Moslem, until September 6, 2021, upon the filing of a Notice of Appearance by Timothy Parlatore, Esq. of the Parlatore Law Group, LLP.

  Due to recent developments which include but not limited to (i) the filing of a Notice of Appearance by Alison Drew of Parlatore Law Group, LLP dated September 17, 2021 (Dkt. 123) (ii) the allegations made in Letter Motion addressed to Judge Cathy Seibel from Alison Drew dated September 17, 2021 (Dkt. 124); and (iv) communications with Mehdi Moslem, there is a need for the Court to appoint a CJA *Curcio* Counsel in order to insure his Sixth Amendment right to not only choose his counsel but to also guarantee that he receives effective assistance of counsel. The right to the effective assistance of counsel also includes the right to be represented by an attorney who is free from conflicts of interest.[1]

  By way of background, it is upon information and belief that prior to said two entries on the docket, Parlatore Law Group had one single conversation with Mehdi Moslem, whereby there were numerous other non-party individuals patched in on a conference call from prison. I am further informed by one of those non-party individuals and Mehdi himself that the connection was rather poor and inaudible. My understanding is that Mehdi Moslem did not understand that Parlatore Law Group was going to represent him.

  In the interest of full transparency, I was not consulted prior to the bail package being proffered. In fact, I made clear to the Parlatore Law Group that proffering a new bail package was not in the client's best interest at this time. I further repeatedly asked Parlatore Law Group what

---

[1] See, e.g., Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981); Holloway v. Arkansas, 435 U.S. 475, 481-82, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); Armienti v. United States, 234 F.3d 820, 823 (2d Cir.2000); United States v. Blau, 159 F.3d 68, 74 (2d Cir.1998).

their intentions were (i) to replace me as counsel for Mehdi Moslem, (ii) to work as co-counsel, or (iii) to work as lead counsel with me taking a lesser role, but still be a member of Mehdi Moslem's defense team.  In fact, I did not get a straight answer to this question, until after the two filings, whereby I was informed by email, "*please be advised that we filed the notice of appearance a short while ago. I look forward to working together towards the best possible outcome for the Moslems*".

I believe that Mehdi Moslem needs separate counsel for the *Curcio* hearing to be held on September 27, 2021.  There appear to be a number of potential ethical issues at play, as well as a number of potential conflicts of interest, if Parlatore Law Group replaces me as counsel for Mehdi Moslem and also represents his son and co-defendant, Saaed Moslem.  Independent *Curcio* counsel can best assess the dimensions of this potential conflict of interest, advise Mehdi Moslem accordingly, and determine whether Mehdi Moslem makes a knowing and voluntary waiver of his right to conflict-free counsel.

I also believe that I cannot in good conscience continue as Mehdi Moslem's attorney so long as he is also represented by Parlatore Law Group.  This is because (i) Parlatore Law Group has divergent and irreconcilable views regarding the litigation strategy and (ii) Parlatore Law Group chose to make several allegations in Dkt. 124 that impugn my integrity.  For example, Parlatore Law Group wrote, "[a]s this Court is well aware, the Moslems did inform prior counsel, Martin Emouna, of this encumbrance and Mr. Emouna chose not to inform the Government or the Court of this until pressured by Mr. Moslem's son." (Dkt. 124 at 1). This is taken fully out of context. The spreader agreements were discussed at great length in the second detention hearing of June 22, 2021, which included a most detailed submission with Exhibits A through M.  In the interest of brevity, those facts and legal arguments are not repeated herein.  The contents of said Hearing is therefore respectfully incorporated herein and made a part hereof.

The Parlatore Law Group also chose to include the following in its letter: "Material Errors [sic] and Omissions [sic] by [sic] demonstrate, at best, that this Court was not presented with a true and accurate picture of all the facts associated with the Defendant Moslem's financial situation and proprietary interests." (Dkt. 124 at 4.)  Because the sentence appears to have a typographical error and omits the individual or entity who is accused of making the "Material Errors and Omissions," it is unclear whom the Parlatore Law Group is accusing of making errors and omissions – but I believe they are referring to me.  On the other hand, what is clear is that by making these statements in connection with a bail application, The Parlatore Law Group has created a regrettable and potentially irreconcilable conflict between me and my client.  By creating this conflict, Ms. Drew has all but assured herself a place, ethical constraints aside, as my client's new counsel. Under the circumstances, I cannot in good conscience be co-counsel with a law firm that is accusing me of committing perhaps the most serious offense an attorney can commit: deliberately misleading the Court.  I submit that my effort and performance in this matter speaks for itself; of course, the Court will be the arbiter of that point.  Be it as it may, I am not concerned here with my own reputation.  I will sink or swim on my own, as I proudly have during my entire legal career.  Rather, my concern is that Mehdi Moslem receive the zealous and conflict-free counsel to which he is entitled by law.

In anticipation of the upcoming *Curcio* hearing on September 27, 2021, and not wishing to undermine a bail application made by another attorney on behalf of my client, I respectfully request that the Court appoint independent counsel to assist Mehdi Moslem in navigating the difficult and unfortunate legal terrain that the Parlatore Law Group have created. I respectfully submit and propose the following questions that I believe maybe relevant:

RE: Potential Conflict of Interest Posed By Co-Defendant's Payment of Legal Fees

1. Did the members of the Parlatore Law Group, LLP visit you while you were incarcerated?

2. How many times did you speak to members of the Parlatore Law Group, LLP prior to them filing a Notice of Appearance on your behalf?

3. Do you know the Parlatore Law Group, LLP?

4. Did you retain the services of Alison Drew, Esq. of the Parlatore Law Group, LLP?

5. Do you wish to have Alison Drew, Esq. of the Parlatore Law Group, LLP be your attorney?

6. Did you know about the filing of the detention letter on your behalf?

7. Did you authorize Alison Drew, Esq. of the Parlatore Law Group, LLP to file the detention letter?

8. Do you understand that, in every criminal case, including this one, the defendant is entitled to the assistance of counsel whose loyalty to him or her is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his or her client's interests?

9. Have you received any inducements, promises, or threats with regard to your choice of counsel in this case?

10. Are you paying your attorneys' fees or is someone else paying for them to represent you? Who specifically is paying them? How long has that been the case?

11. Do you have an understanding whether, in the future, they will continue to pay, indemnify, or reimburse your legal fees in this case? What is your understanding?

12. Because your attorneys are being paid by a third party, they may be influenced by this third party in connection with their representation of you, that is, they may be influenced to advise you to do things that are in the third party's best interests and not in your best interests. For instance, if the third party is involved in the alleged crime, the third party may have a vested interest in having your lawyers advise you to accept sole responsibility for the unlawful scheme or to minimize the third party's involvement with or knowledge of the scheme. Do you understand that? Do you understand that?

13. Have you consulted with counsel other than your attorneys about the risks associated with this potential conflict of interest?

14. Do you understand that you have a right to consult with another lawyer to determine whether you wish for them to continue representing you? Do you understand that the Court will give you an opportunity to do so, and that the Court encourages you to do so? Do you understand that, if you cannot afford other counsel, the Court will appoint counsel—free of cost to you—so that you may consult with conflict-free counsel about these issues?

15. Have any of your attorneys informed you that they have been compensated for their representation of you, directly or indirectly, by a co-defendant in this case?

16. Do you understand that in some circumstances your attorneys might have an incentive to put the interests of Saaed Moslem before yours?

17. Given that having your co-defendant Saaed Moslem pay your legal fees may adversely affect your defense, do you still believe that it is in your best interest to proceed with your attorneys?

18. Is that your wish?

19. Do you understand that by continuing in this fashion with your attorneys, you are waiving your right to be represented by an attorney who has no conflict of interest?

20. Are you knowingly and voluntarily waiving your right to conflict-free representation?

21. Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of having a third party—and, indeed, your co-defendant—pay your legal fees, you were denied effective assistance of counsel?

22. Is there anything that the Court has said that you wish to have explained further?

RE: Representation of Matin Emouna in the past and continued representation

1. Are you satisfied with the services of your attorney, Matin Emouna, thus far in the case?

2. Do you wish Matin Emouna to continue representing you?

3. Do you wish Parlatore Law Group, LLP to represent you in this matter?

4. Do you wish to terminate Matin Emouna's Services and only work with Parlatore Law Group?

5. Do you wish to Matin Emouna's to continue representing you with Parlatore Law Group?

6. Tell me in your own words what your understanding is of the potential conflict of interest arising in this situation between the law firm of Emouna & Mikhail PC and the Parlotore Law Group?

RE: Right to Conflict-Free Representation

1. Do you understand that you have the right to object to your attorneys' continued representation of you based upon the existence of a potential conflict of interest?

2. It is important that you understand that no one can predict with any certainty the course that this case will take or how this conflict may affect it.

3. What is your understanding of the right to "effective assistance of counsel"?

4. Is there anything I have said that you wish to have explained further?

5. I will give you an opportunity to think about what you have been told, and, if you would like, to talk it over with counsel other than your attorneys. After you have thought it over, I will ask whether you have considered the matters that I have talked to you about, either with or without an attorney. Then I will ask whether you wish to continue with your attorneys.

6. Do you need court-appointed counsel for the purpose of consulting with you about these conflict-of-interest issues?

    I apologize to the Court in advance for making this request. As always, I greatly appreciate Your Honor's time and consideration in this matter.

                                          Respectfully Submitted,

                                          MATIN EMOUNA

cc:      alisonmuradian@gmail.com
          Daniel.Loss@usdoj.gov
          James.McMahon@usdoj.gov
          Nicholas.Bradley2@usdoj.gov
          Walter_Clark@nysd.uscourts.gov