UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-

MEHDI MOSLEM, a/k/a "Mike Moslem,"
and SAEED MOSLEM,

        Defendants.
-------------------------------------------------------x

ORDER

No. S2 19-CR-547 (CS)

Seibel, J.

        Before the Court is what appears to be Defendants' motion under 28 U.S.C. § 2255. (ECF No. 266.)   But it was received from an unknown person using the email address fileassist@yahoo.com.   It is not signed by either Defendant.   I have no way of knowing if it is authorized by either of them.

        Further, although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), such review should proceed only "in extraordinary circumstances given the potential for conflict with the direct appeal," *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006).   Because the outcome of the direct appeal may moot or nullify "the district court's efforts on the § 2255 motion," *Outen*, 286 F.3d at 632, considerations of judicial economy dictate that a criminal defendant should pursue a direct appeal before bringing a § 2255 motion, see *United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011); *see also* Advisory Committee's Note to Rule 5 of the Rules Governing § 2255 Proceedings ("There is no requirement that the movant exhaust his remedies prior to seeking relief under § 2255. However, the courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision.").   In short, "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time,' *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996), each Defendant should elect to proceed either in this Court or in the Court of Appeals.

        Moreover, a criminal defendant is ordinarily entitled to only one petition pursuant to 28 U.S.C. § 2255.   See 28 U.S.C. 2255(h).   If Defendants proceed on this Petition now, they likely will not have another chance.

        For all these reasons, I will hold the instant Petition in abeyance until January 31, 2023. By that date, each Defendant shall individually submit, by postal mail, a letter with an ink signature stating: 1) if he in fact authorizes the instant Petition; and 2) whether he wishes to stay his appeal and have this Court consider the Petition, or whether he wishes to withdraw the instant Petition without prejudice to resubmission following the appeal.   If either Defendant chooses to proceed in this Court, he shall file his application for a stay with the Court of Appeals before January 31, 2023.   If either Defendant does not respond as directed, the instant Petition will be dismissed without prejudice as to that Defendant.

   The Clerk of Court is respectfully directed to send a copy of this Order to each Defendant at the addresses on ECF No. 266.

SO ORDERED.

Dated: January 3, 2023
   White Plains, New York

                *Cathy Seibel*
                CATHY SEIBEL, U.S.D.J.