UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                  ORDER

MEHDI MOSLEM and SAAED MOSLEM,
                                                         No. 19-CR-547 (CS)

          Defendants.
--------------------------------------------------------x

Seibel, J.

      Before the Court is the motion of Defendants Mehdi Moslem and Saaed Moslem for reconsideration of my Order, (ECF No. 334), denying their motion to set aside the jury verdict, for a new trial and for appointment of counsel, pursuant to Federal Rules of Criminal Procedure 33(a) and 44(a).   The Court presumes familiarity with previous proceedings in the case.

      Defendants argue primarily that I overlooked the fact that Stephen Strauhs's application for renewal of his CPA license was not a public document.   The portion of the motion relating to Strauh's CPA license was made only by Medhi Moslem.   The basis for the motion was that Mehdi Moslem learned that despite cooperating witness Strauhs having pleaded guilty in 2019, he renewed his Certified Public Accountant ("CPA") license in 2020, and because CPAs are required to disclose criminal convictions, Strauhs must have lied to get renewed.   Mehdi Moslem does not dispute that both the dates of Strauhs' renewals and the requirement to disclose convictions are publicly available.[1]   He argues now only that the Court overlooked that Strauhs'

---

[1] Not only does New York law require CPAs to disclose convictions within 45 days, 8 N.Y.C.R.R. § 29.10(e), but the New York State Department of Education website refers specifically to the obligation of CPAs applying to renew their licenses to respond to " questions regarding convictions, charges or disciplinary actions," *see*

1

application itself is not publicly available.  I did not overlook that the application itself is not public; I did not address it either way because the fact that it is not public is irrelevant.  Mehdi Moslem obviously did not need the actual application to make his motion, and he would not have needed it to make the same point at trial.  In other words, there was nothing in the new-trial motion that was unavailable to Mehdi Moslem at trial, and the new trial motion was thus properly denied.  Further, as I also ruled, even if the jury had known that Strauhs lied by commission rather than omission, it would not have affected the verdict.

Defendants also argue that I overlooked that they claimed not have received information about misconduct by Strauhs that was later included in the Government's 5K letter for Strauhs. I did not overlook their claim; rather, I found it was conclusory, and that they did not deny having received the specific items of 3500 material identified by the government as disclosing that information.[2]  Defendants still have not disputed that they received the 3500 material that disclosed the information they claim was withheld.  Their conclusory allegation that the Government suppressed or withheld the information does not, in the face of the specific representations of the Government as to the 3500 exhibits containing the information– confirmable by simple reference to the 3500 exhibits themselves – create a fact dispute

---

https://www.op.nysed.gov/registration-renewal/online-registration-renewal (last visited Sept. 5, 2023).   Thus, one does not need the application itself to know that it required Strauhs to answer a question about whether he had been convicted.   His trial testimony made clear that he had not disclosed his conviction, (Trial Transcript dated May 25, 2021 (ECF No. 142) at 843-44), so it is obvious he did not answer that question truthfully.

[2] Indeed, I noted that a hearing would be required had Defendants presented evidence, such as declarations of counsel, that the 3500 material not been turned over.

warranting a hearing.  Further, as I also ruled, even if the material had been withheld, it would not have affected the verdict.

Finally, Defendants raise some inscrutable arguments concerning Strauhs' lawyer, intimating that I have some sort of connection to him or that he had a conflict of interest in representing Strauhs.  None of this was raised in the original motion and therefore it cannot be considered on a motion for reconsideration.  *See, e.g., Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) ("A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced.") (internal quotation marks omitted).  In any event, although I cannot tell to what relationship Defendants refer, I know Strauhs' lawyer only as an attorney practicing in this Court.  Finally, that Strauhs' lawyer might have previously represented an entity that had litigation with Defendants does not disqualify him from representing Strauhs, and Defendants have presented no evidence suggesting that any such representation deprived them of their rights in any way.

Accordingly, the motion for reconsideration is denied.

The Clerk of Court is respectfully directed to terminate ECF No. 336; to send a copy of this Order to Saaed Moslem, No. 87068-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640; and to send a copy of this Order to Mehdi Moslem, 138 Smith Clove Road, Central Valley, NY 10917.

SO ORDERED.

Dated: September 5, 2023
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.