UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

      -v.-                                                                ORDER

MEHDI MOSLEM and SAAED MOSLEM,
                                         No. 19-CR-547 (CS)

             Defendants.
--------------------------------------------------------x

Seibel, J.

      Before the Court is the motion of Defendant Mehdi Moslem for a new trial, (ECF No. 371), and his motion for disclosure of grant jury minutes, (ECF No. 372).

      The signatures purporting to be Mehdi Moslem's on the instant motions (and various documents purportedly submitted by him) do not resemble the only signatures which we know for certain are his.   (See ECF Nos. 10-11.)   To ensure that any future submission purporting to be from Mehdi Moslem is actually from him, any such submission from Mehdi Moslem must come by U.S. mail with an ink signature, or must be submitted in paper form with an ink signature to the Clerk of Court in the courthouse, and must bear the following sworn statement above the signature: "I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that this document bears my authentic signature." Any submission that does not conform to this Order will be rejected.

      I incorporate herein my previous rulings in ECF Nos. 334, 339 and 369.

      Because the instant motion for a new trial under Federal Rule of Criminal Procedure 33 raises the same ground as Mehdi Moslem's previous motion for a new trial, (ECF No. 367), I deem it to be a motion to reconsider my Order of February 20, 2024 denying that motion, (ECF

No. 369).   "Reconsideration of an order is an extraordinary remedy to be employed sparingly in the interests of finality and to conserve scarce judicial resources," and "[a]ccordingly, the standard for granting a motion for reconsideration is strict, and the motion will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked that might reasonably be expected to alter the conclusion reached by the court." *KSW Mech. Servs., Inc. v. Mech. Contractors Ass'n of New York, Inc.*, No. 11-CV-5100, 2012 WL 1571413, at *1 (S.D.N.Y. May 4, 2012) (internal quotation marks, citations and alterations omitted).[1]   "The availability of a motion to reconsider is not an invitation for a party to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Bausch & Lomb Inc. v. Vitamin Health, Inc.*, No. 13-CV-6498, 2015 WL 13574357, at *1 (W.D.N.Y. Sept. 29, 2015) (internal quotation marks and citation omitted).   Mehdi Moslem does not point to anything I overlooked, and the motion to reconsider is therefore denied.

Even if regarded as a new motion under Rule 33, the only new thing in this application is that instead of the applicant saying that an unknown agent said that Stephen Strauhs said he mistakenly omitted his conviction from his CPA renewal application, now Mr. Moslem's wife says that a specified agent said that Stephen Strauhs said he made a mistake when he did so, and that that statement related to Strauhs' October 2020 renewal application.   This information is not newly discovered, as by the affiant's account it was obtained on January 31, 2024, (ECF No. 371 at 8 ¶ 2), before the previous motion was filed on February 6, 2024, (ECF No. 367).

Even if regarded as new evidence, this allegation is still hearsay (Mrs. Moslem reporting

---

[1] The Court will send Defendant copies of unreported decisions cited in this Order.

what she was told by a third person), but assuming it to be true, it hardly contradicts Strauhs'

trial testimony.   Not being truthful with the Department of Education in 2020, whether out of

concern for the sealed nature of the plea (as Strauhs testified) or not, was surely a mistake, in the

sense that it was a poor decision, even if not a mistake in the sense of being accidental or

negligent.   So Defendant has not shown that the trial testimony was perjurious.   Nor has he

shown prejudice.   Indeed, what the jury heard – that Strauhs intentionally omitted the

conviction– is more damaging to Strauhs' credibility than what he reportedly said in December

2023 about that omission having been a mistake.[2]   In any event, even assuming Strauhs'

December 2023 statement is properly regarded as a lie, it remains inconceivable that the

cumulative impeachment from any such lie would have any effect on the outcome of the trial,

given the extent to which Strauhs was corroborated, the abundant independent evidence of the

Defendants' guilt and the extent of the other impeachment of Strauhs already before the jury.

I have now made that last statement, or some variation of it, several times.   Mehdi

Moslem is encouraged to refrain from making repeated applications that are going to fail for the

same reason.   It is not a good use of his time or the Court's.

With respect for the motion for disclosure of grand jury minutes, the application is

untimely because I have already adjudicated the claim to which it arguably relates.   (*See* ECF

No. 344 at 9-16.)[3]   That claim was that Defendant's conviction should be vacated under 28

U.S.C. § 2255 because counsel was ineffective for failing to move to dismiss the indictment

---

[2]  Even if the trial testimony elicited by defense counsel on this subject were false, there is no basis to infer that the Government was aware that it was false.

[3] I incorporate that ruling here.

based on the Government's alleged failure (disproven, as set forth in the decision) to disclose to

the grand jury that Strauhs become a cooperator in 2012.   As I explained in denying that claim,

any such motion would have been meritless because the conspiracy between Mehdi Moslem and

his son Saaed continued for years after Strauhs cooperated.   (*Id.* at 11-12.)   I further explained

that even if the grand jury had not been instructed that a cooperator cannot be a conspirator, and

even if that were error, it would be harmless.   (*Id.* at 13-14.)   Now Mehdi Moslem seeks

disclosure of the legal instructions given to the grand jury, claiming they will show that the grand

jury was not instructed that cooperators cannot be conspirators, that Strauhs was essential to the

existence of the conspiracy, and therefore his counsel were ineffective and the prosecutors

committed misconduct.   Putting aside the lack of timeliness, this application is so frivolous that

it suggests that Mehdi Moslem did not read my ruling on his § 2255 petition.

        As I explained in that ruling, the Government has no obligation to provide instructions at

all.  (ECF No. 344 at 13 n.10.)   Thus, a failure to do so cannot be misconduct, and in any event,

"a jury conviction transforms any defect in the grand jury's charging decision into harmless error

because the trial conviction establishes probable cause to indict and also proof of guilt beyond a

reasonable doubt."  *Manigault v. Annucci*, No. 19-CV-907, 2020 WL 4586397, at *7 (N.D.N.Y.

Aug. 10, 2020).   Thus, to whatever extent Mehdi Moslem may be seeking to raise a new ground

for relief based on prosecutorial misconduct before the grand jury, it would be meritless.

        Further, as I explained in my earlier ruling, Strauhs' withdrawal from the conspiracy in

2012 did nothing to undermine the existence of the conspiracy between Mehdi and Saaed

Moslem, which – the evidence showed conclusively – continued for years thereafter.   (ECF No.

344 at 11-12.)   Finally, I explained that even assuming that the grand jury was not instructed

that a cooperator cannot be a conspirator, no prejudice would result because it would be clear to the grand jurors that one who is gathering evidence against the remaining conspirators is no longer agreeing with them to commit crimes.   (*Id.* at 13-14.)

It should thus already be plain to Mehdi Moslem that even if the grand jury minutes show that the grand jury was not instructed that cooperators cannot be conspirators, that would not constitute prosecutorial misconduct, evidence ineffective assistance of counsel, or otherwise afford him any relief.

But even if I had not already addressed the relevant issues, the application would fail because it is based on sheer speculation.   Federal Rule of Civil Procedure 6(e) permits the court to authorize disclosure of otherwise secret grand jury material to a defendant who shows that it may reveal grounds for dismissal of the indictment, but the "party seeking disclosure bears the burden of establishing a particularized need or compelling necessity for such disclosure that outweighs the policy of grand jury secrecy." *United States v. Vandegrift*, No. 18-CR-6044, 2019 WL 2165566, at *1 (W.D.N.Y. Mar. 15, 2019) (internal quotation marks omitted), *report and recommendation adopted*, 2019 WL 2163536 (W.D.N.Y. May 17, 2019).   "[S]peculation that the grand jury was improperly instructed is insufficient to overcome the rule of secrecy in grand jury proceedings that is embodied in Fed. R. Crim. P. 6(e)." *Id.* at 2.   Putting aside that the time for a motion to dismiss the indictment has long come and gone, Mehdi Moslem provides no basis to even suspect that the grand jury was improperly instructed.   His "motion is based upon nothing more than the speculative assertion that the grand jury minutes will reveal some deficiency in the instructions. Hope and speculation are wholly insufficient to overcome the rule of secrecy in grand jury proceedings that is embodied in Fed.R.Crim.P. 6(e)." *United States v.*

*Sosa-Lopez*, No. 06-CR-6198, 2007 WL 3113323, at *4 (W.D.N.Y. Oct. 22, 2007), *report and recommendation adopted*, No. 06-CR-6198, 2008 WL 111195 (W.D.N.Y. Jan. 9, 2008); *see United States v. Forde*, 740 F. Supp. 2d 406, 414 (S.D.N.Y. 2010) ("Mere speculation . . . that the Government may have improperly instructed the grand jury . . .   falls far short of the showing to overcome the presumption of secrecy.").   The motion for disclosure of the grand jury minutes is denied.

The Clerk of Court is respectfully directed to terminate ECF Nos. 371 and 372, and to send a copy of this Order to Mehdi Moslem, 138 Smith Clove Road, Central Valley, NY 10917. SO ORDERED.

Dated: March 7, 2024
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.