The Chief Judge has no supervisory authority over cases assigned to other District Judges.
The application for my recusal is denied, essentially for the reasons already set forth in ECF No. 298.
This application under 28 USC 2255(h)(1) is denied because applications under that section must be made to the Court of Appeals.
The Clerk of Court is respectfully directed to send a copy of this endorsement to both Defendants at the addresses on page 8.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

SO ORDERED.

*Cathy Seibel* 5/28/25
CATHY SEIBEL, U.S.D.J.

---

UNITED STATES OF AMERICA :

Plaintiff, :  Case No.: 19-CR-547-(CS)

v. :

MEHDI MOSLEM and SAAED MOSLEM, :

Defendants. :

---

### JOINT MOTION FOR LEAVE TO FILE OVERSIZED 28 U.S.C §2255(h)(1) MOTION DEMONSTRATING ACTUAL INNOCENCE AND FOR REASSIGNMENT OF CASE DUE TO JUDICIAL MISCONDUCT

Pursuant to 28 U.S.C. §2255(h)(1), SDNY Local Civil Rule 7.1, 28 U.S.C. §§ 137, 144, 455(a), and the Court's Inherent Supervisory Authority

### TO THE HONORABLE CHIEF JUDGE LAURA TAYLOR SWAIN OF THE SOUTHERN DISTRICT OF NEW YORK

Petitioners Mehdi Moslem and Saaed Moslem ("Petitioners"), respectfully move this Honorable Court for an Order:

Granting leave to file an oversized Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255(h)(1), based on newly discovered and previously suppressed evidence of actual innocence.

Petitioners anticipate the substantive motion will span approximately 80 pages, supported by expert analysis, sworn affidavits, certified bank appraisals, and critical information with over 6,000 pages of detailed accounting records and

1

exhibits. This meticulously documented evidence is essential to fully present the TRUTH and irrefutably prove actual innocence.

Exercising the Chief Judge's supervisory powers pursuant to 28 U.S.C. § 137 and relevant local rules to reassign the underlying criminal case, No. 19-CR-547, and the forthcoming §2255 motion from Judge Cathy Seibel due to her egregious, documented fraudulent conduct, pervasive bias, and active participation in obstructing justice, which has rendered fair and impartial adjudication impossible.

This motion is necessitated by the extraordinary circumstances of this case, involving a complex web of prosecutorial fraud, systematic suppression of exculpatory evidence, judicial misconduct that actively enabled and concealed these wrongs, and compelling new evidence that unequivocally demonstrates Petitioners' actual innocence.

## A. GROUNDS FOR LEAVE TO FILE OVERSIZED §2255(h)(1) MOTION

Leave to file an oversized motion is warranted due to the following exceptional circumstances:

I.  Exceptional Complexity and Breadth of Claims

The substantive §2255(h)(1) motion will meticulously detail years-long, multi-faceted pattern of misconduct. This includes, but is not limited to:

> a. Extensive Brady violations involving the deliberate suppression of voluminous material exculpatory evidence (e.g., certified bank appraisals, crucial payoff letters like the Trimont letter, internal IRS regulations, and standards).

2

    b. The government's fabrication of evidence, including materially false loss calculations for both alleged bank fraud and tax fraud, which were presented to the jury and relied upon at sentencing.

    c. Perjured testimony by government witnesses, including key cooperating witness Stephen Strauhs, FBI " Expert " Sean Smyth and IRS Agent Margo Dabney, which was knowingly presented by the prosecution.

    d. A pattern of judicial misconduct by Judge Cathy Seibel, who actively shielded prosecutorial fraud, suppressed evidence, misapplied fundamental legal principles, and demonstrated overt hostility towards Petitioners for asserting their constitutional rights.

## B. NEWLY DISCOVERED EVIDENCE FURTHER CORROBORATING PETITIONERS' ACTUAL INNOCENCE AND THE FRAUDULENT NATURE OF THE CONVICTIONS.

### I. Voluminous Evidentiary Support

To meet the "clear and convincing" evidence standard required by §2255(h)(1) for an actual innocence claim, Petitioners will present and have analyzed a substantial volume of documentary evidence. This includes trial transcripts, pre-trial and post-trial motions and orders (including Judge Seibel's orders denying access to critical evidence, e.g., ECF #172), suppressed documents now obtained, financial records, and legal analyses of complex tax and banking regulations. Standard page limits would preclude the comprehensive presentation necessary for a just adjudication.

II.     Necessity for Detailed Factual and Legal Argumentation

The depth of the fraud and misconduct requires detailed exposition, connecting numerous discrete acts of wrongdoing by various actors (prosecutors, agents, defense counsel, and the presiding judge) into a coherent narrative of systemic injustice. This involves intricate analysis of financial data, legal doctrines (e.g., IRC §108, Brady standards, U.S.S.G. §2B1.1), and judicial ethics.

III.    Pro Se Status and the Interests of Justice

As pro se litigants, Petitioners face significant challenges and have navigated complex legal procedures and articulated multifaceted claims. The Second Circuit recognizes that pro se pleadings should be construed liberally (Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). Denying leave for an oversized filing would effectively deny Petitioners a meaningful opportunity to present their compelling case of actual innocence and egregious constitutional violations, thereby subverting the interests of justice.

## C. GROUNDS FOR REASSIGNMENT OF CASE DUE TO JUDGE SEIBEL'S EGREGIOUS MISCONDUCT

Petitioners respectfully request that the Chief Judge exercise her supervisory powers under 28 U.S.C. § 137 and applicable SDNY Local Rules to reassign this case from Judge Cathy Seibel. Judge Seibel's conduct throughout these proceedings irrefutably demonstrates that she cannot serve as an impartial adjudicator, particularly over a §2255 motion that directly implicates her own actions in causing a miscarriage of justice.

I. Pervasive Judicial Bias and Fraudulent Conduct

As will be extensively documented in the substantive §2255 motion, Judge Seibel has:

### a. Systematically Denied Access to Exculpatory Evidence

For instance, in Order ECF #172, Judge Seibel unequivocally denied crucial defense subpoena requests, stating, "The Court declines to sign or authorize the proposed subpoenas... Defendant has not shown the required relevance, admissibility and specificity as to the documents sought." This order, among others, directly obstructed Petitioners' ability to obtain and present evidence vital to their defense and to exposing prosecutorial fraud regarding fabricated loss calculations.

### b. Actively Endorsed and Ratified Prosecutorial Fraud

Judge Seibel repeatedly accepted the government's shifting and baseless loss theories, misstated fundamental principles of tax law (e.g., regarding 1099-C forms and non-recourse debt under IRC §108), and ignored clear evidence of prosecutorial misrepresentations, and blatant fraudulent conduct.

### c. Demonstrated Deep-Seated Antagonism and Hostility

Judge Seibel's on-record statements (e.g., threatening Saaed Moslem with revocation of pro se status for attempting to present truth, as seen in March 17, 2022, Tr. Pg. 35; dismissing profound injustices as Petitioners "beating a dead horse," Oct. 4, 2022, Tr. Pg. 120) reflect a profound personal bias that makes fair judgment impossible, consistent with the standards in Liteky v. U.S., 510 U.S. 540 (1994).

### d. Obstructed Justice and Obfuscated the Record

Throughout the proceedings, including by repeatedly denying pro se motions without allowing government response or opposition, Judge Seibel has managed the docket in a manner that shields misconduct rather than exposing it, all while Petitioners endured unlawful incarceration.

### II. Violation of 28 U.S.C. §§ 144 and 455(a)

Judge Seibel's conduct, including her documented misrepresentations of fact and law from the bench and her active role in suppressing evidence, creates an undeniable appearance of partiality and demonstrates actual bias, mandating recusal. A reasonable person, knowing all the facts to be presented, would undoubtedly question her impartiality.

### D. <u>CHIEF JUDGE'S SUPERVISORY POWERS TO ENSURE JUSTICE</u>

The Chief Judge possesses inherent supervisory authority to ensure the integrity of judicial proceedings within the district (28 U.S.C. § 137). Where, as here, a presiding judge's conduct has systematically undermined due process and created a clear record of bias and fraud, reassignment is essential to restore public confidence in the judiciary and to ensure that Petitioners' meritorious claims of actual innocence receive a fair and unbiased hearing. This includes situations where a judge has become personally embroiled in the controversy and where her actions form a core part of the claims being raised.

## E. BRIEF OVERVIEW OF SUBSTANTIVE CLAIMS IN PROPOSED §2255(h)(1) MOTION

The oversized §2255(h)(1) motion will establish Petitioners' actual innocence through clear and convincing evidence, including:

I. Detailed proof of the government's fabrication of bank and tax fraud loss amounts, supported by suppressed certified bank appraisals and the true nature of the Accel Motors 1099-C.

II. Irrefutable evidence of Brady violations, where prosecutors knowingly withheld critical exculpatory documents.

III. Analysis of perjured testimony and the prosecution's subornation of perjury.

IV. Comprehensive demonstration of Judge Seibel's active role in facilitating and concealing these constitutional violations, thereby depriving Petitioners of a fair trial and sentencing.

V. Newly discovered evidence further substantiating these claims and Petitioners' innocence.

## F. CONCLUSION

For the foregoing reasons, Pro Se Petitioners Mehdi Moslem and Saaed Moslem respectfully request that this Honorable Court:

I. GRANT their motion for leave to file an oversized §2255(h)(1) motion, with page limits as proposed herein or as the Court deems appropriate.

7

II. GRANT their motion for the recusal of Judge Cathy Seibel and the reassignment of Case No. 19-CR-547-(CS), including the forthcoming §2255 motion, to a different, impartial District Judge under the Chief Judge's supervisory authority.

This relief is crucial to ensure that justice is served and that the profound constitutional violations and manifest injustice suffered by Petitioners are fully and fairly addressed.

Pursuant to 28 U.S.C. § 1746, I, Mehdi Moslem, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Pursuant to 28 U.S.C. § 1746, I, Saaed Moslem, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Mehdi Moslem, Pro Se
138 Smith Clove Road
Central Valley, NY 10917
Dated: May 22, 2025

Saaed Moslem #87068-054, Pro Se
FCI Fort Dix, Po Box 2000
Joint Base MDL, NJ 08640
Dated: May 22, 2025

CERTIFICATE OF SERVICE

We, Mehdi Moslem and Saaed Moslem, hereby certify that on this 22nd day of May, 2025, a true and correct copy of the foregoing JOINT MOTION FOR LEAVE TO FILE OVERSIZED §2255(h)(1) MOTION AND FOR REASSIGNMENT OF CASE was served via U.S. Mail, postage prepaid, to:

>Office of the United States Attorney
>Southern District of New York
>Attn: James Franklin McMahon
>Nicholas Sutherland Bradley
>One St. Andrew's Plaza
>New York, NY 10007

| | |
|---|---|
| Mehdi Moslem, Pro Se | Saaed Moslem #87068-054, Pro Se |
| 138 Smith Clove Road | FCI Fort Dix, Po Box 2000 |
| Central Valley, NY 10917 | Joint Base MDL, NJ 08640 |
| Dated: May 22, 2025 | Dated: May 22, 2025 |