UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                          ORDER

MEHDI MOSLEM,                      19-CR-547-1 (CS)

                    Defendant.
-------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Mehdi Moslem's "Letter Motion in Response to the Court's December 8, 2025 Order." (ECF No. 418 (the "Motion").) The Court's December 8, 2025 Order, (ECF No. 416), directed the parties to identify what issues raised by Defendants' § 2255 motion they believe remain to be determined now that their appeal has been decided. Defendant's submission is not responsive to that Order, because it discusses matters that are not raised in the § 2255 motion.

       Further, the Motion is clearly not signed by Mehdi Moslem. Rather, his son and co-Defendant Saaed Moslem has signed Mehdi Moslem's name, *compare* ECF Nos. 410, 412, *with* ECF Nos. 399, 403, purportedly under penalty of perjury. That the submission is fraudulent is reason enough to disregard or deny the Motion. In any event, the Motion is without merit, which I briefly address in the hope it will deter future baseless applications.

       Defendant's arguments regarding the Strauhs guilty plea, the right to control theory and the loss amount have already been rejected by this Court and/or the Court of Appeals, and the Court will not waste its time addressing those issues again.

       Defendant contends that a transcript called "5-18-21 Official Transcript.pdf" - which he does not provide - was created on May 18, 2021, docketed on August 24, 2022, and modified on

May 19, 2025.   (Motion at 2-3; ECF No. 418-3.)[1]    He points to this Court's August 22, 2022

text order, which stated, among other things:

> [W]hat Mr. Mehdi Moslem seems to be trying to do is make a[n] untimely motion for a new trial based on the exclusion of evidence as to the collateralization of certain loans. (He claims such a ruling was made on May 17, 2021, but the only similar thing I could find was a ruling on May 18, 2021 that evidence of repayment of fraudulently obtained loans would not be admitted.)

(ECF No. 212.)    Because the ruling is not found in the May 18, 2021 transcript, he contends

that either that transcript was modified to remove the ruling or the Court fabricated the existence

of the ruling in the first place.   (Motion at 2-3.)   Defendant is incorrect.    Rather, just as

Defendant mistakenly gave the date of the ruling as May 17, 2021, the Court mistakenly said it

was on May 18, 2021, when in actuality it was on May 12, 2021.   (*See* ECF No. 206 at 29-37

(court granting Government's motion to exclude evidence of repayment or lack of loss in

connection with bank fraud counts).)    The ruling has not been deleted, modified or fabricated.[2]

Finally, Defendant raises the frivolous claim that because the Government withdrew its

motion *in limine* to admit state tax returns at trial, (*see* ECF No. 76 at 24; ECF No. 87), it was

somehow a violation of his rights to include state tax loss in the Sentencing Guidelines

calculation.   (Motion at 4.)   One has nothing to do with the other.    There is no requirement

that the evidence used at sentencing be admitted at trial.   *See* 18 U.S.C.A. § 3661 ("No

limitation shall be placed on the information concerning the background, character, and conduct

---

[1] References to the Motion use the page numbers assigned by the Court's Electronic Case Filing system.

[2] It is plain that the "modification date" of May 19, 2025 must have been when the PDF was sent to the expert for his report, which is dated May 22, 2025.   (ECF No. 418-3 at 3.)   The report does not identify anything different between the original and "modified" versions.

of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Pettway*, No. 20-63, 2021 WL 4188716, at *4 (2d Cir. Sept. 15, 2021) (summary order) ("[C]ourts may consider uncharged conduct at sentencing, provided . . . that such conduct is proven by a preponderance of the evidence and relevant to the broad objectives of sentencing."); *United States v. Sisti*, 91 F.3d 305, 312 (2d Cir. 1996) ("A sentencing court is free to consider hearsay evidence, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal in determining sentence.").   Indeed, *Fatico* hearings would never be necessary if courts at sentencing were confined to the record at trial.[3]

Defendant is advised that if he raises the same issues in subsequent filings, or if submissions bearing his name but not his ink signature are submitted, they are likely to be ignored.

For the reasons stated above, the motion is denied.   The Clerk of Court is respectfully directed to send a copy of this Order to Mehdi Moslem, 138 Smith Clove Road Central Valley, NY 10917.

Dated: January 6, 2026
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[3] Defendant's suggestion that he was not on notice that state tax loss might be taken into account in determining the loss from the frauds, (Motion at 4), is equally frivolous.   His Presentence Report, dated August 25, 2021, included reference to restitution owed to New York State, (*see* ECF No. 114 ¶¶ 21, 80), and the Government's sentencing memorandum, dated September 9, 2022, made clear that state tax loss was included in its loss calculation, (*see* ECF No. 215 at 7; ECF No. 215-1 at 8).   Sentencing did not occur until October 17, 2022.