UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                           ORDER

MEHDI MOSLEM,                       19-CR-547-1 (CS)

               Defendant.
-------------------------------------------------------x

Seibel, J.

    Before the Court is Defendant Mehdi Moslem's "Motion to Vacate Conviction Based on Newly Discovered Irrefutable Evidence of Judicial Fraud and Transcript Fabrication." (ECF No. 426 ("Mot.").) It is hard to tell if Mehdi Moslem signed this submission or if Saaed Moslem just made more of an effort to mimic his father's signature, but I will assume it is the former. Familiarity with the Motion and with previous proceedings is presumed.

    As Mehdi Moslem has already filed a motion to vacate that has been denied, he cannot file another one without obtaining a certificate of appealability from the Court of Appeals. *See* 28 U.S.C. § 2255(h).

> Ordinarily, a District Court should not reach the merits of a second or successive 2255 motion in the absence of the certification required by Section 2255(h); rather, the District Court should transfer such motions to the Court of Appeals. However, a district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out.

*Massa v. United States*, No. 00-CR-1118, 2019 WL 2085103, at *2 (S.D.N.Y. Apr. 23, 2019).[1]

As the instant motion is wholly without merit, for the reasons explained below, and in an effort

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

to save the Mr. Moslem and the Court of Appeals from wasting their time, the Court will not transfer the petition[2] and instead explains why it is inconceivable that Mehdi Moslem can meet § 2255(h)'s requirement that the motion contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."   28 U.S.C. § 2255(h)(1).[3]

The origin of the issue goes back to August 2022, when Mehdi Moslem made, after his conviction, a motion to dismiss the indictment.   (ECF No. 204.)   In denying the motion, the Court stated, among other things, that he seemed to be making an argument that he was entitled to a new trial because the Court on May 17, 2021 had excluded evidence that the loans he fraudulently obtained were collateralized.   (ECF No. 212.)   I explained that if the loans were collateralized, it would not undermine the validity of his convictions, and mentioned parenthetically that I could not find such a ruling on May 17th but did find a ruling on May 18th on the related issue of whether evidence of payments made on the loans would be admitted. (*Id.*)   It remains irrelevant to the validity of a bank fraud conviction if a loan obtained by false statements is collateralized; banks make loans to get paid back with interest, not to go through the cumbersome and expensive process of foreclosing on collateral.   And nothing about the existence of collateral makes the false statements made to obtain the loan any less willful.

---

[2] Mehdi Moslem remains free to make an application to the Court of Appeals for the certificate of appealability himself.

[3] The other basis for relief under § 2255(h) – that the motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2) – is obviously inapplicable.

In any event, when Mehdi Moslem alleged that there was no ruling on loan repayment on May 18th, and therefore the transcript of that date must have been altered, (ECF No. 418), I went back and looked and found discussion of that subject on May 12th (as explained in ECF No. 423).   I have again reviewed transcripts of all three dates, and it is clear nothing has been tampered with, for the following reasons.

In ruling on the Government's motion *in limine* at the May 12, 2021 final pretrial conference, I agreed with the Government that evidence of payments made on the loans was not admissible, but granted Defendants' request to submit something further in writing.   (ECF No. 206 at 29-37.)   Defendants submitted that letter on May 16th.   (ECF No. 89.)   On the morning of May 17th, before jury selection, there was further discussion, and I granted the Government's request to submit something further in writing, but noted that Defendants were entitled to finality on the issue before opening statements.   (ECF No. 303 at 4-8.)   Jury selection did not conclude that day.   The Government submitted a letter that evening, (ECF No. 93), and Defendants replied the same evening, (ECF No. 94).

On May 18, 2021, jury selection continued and was concluded.   The transcript of the trial proper begins with the jury having been sworn.   (ECF No. 214 at 2.)   That May 18th trial transcript contains no reference to the repayment issue.   (*See id.*)   But the docket contains a separate May 18th transcript *excerpt* that addresses the issue and in which I adhered to my ruling before jury selection continued that morning.   (ECF No. 305 at 2-6.)   The Court of Appeals has affirmed that ruling.   *See United States v. Moslem*, No. 22-2789, 2025 WL 2731320, at *3 (2d Cir. Sept. 25, 2025) (summary order).   The ruling is not in the trial transcript for May 18th, (ECF No. 214), but the ruling was made on that date; it is just transcribed in an excerpt found at ECF No. 305.   Thus, Defendant is right about one thing: there was a ruling on May 18, 2021

(albeit one about repayment, not collateralization) that does not appear in the trial transcript for that date.   But it appears in a separate excerpt that records a ruling made before jury selection was complete.

In short, there is nothing to see here.   The initial ruling on repayment evidence was on May 12th; there was more discussion about it on May 17th; I adhered to that ruling on May 18th; and the Court of Appeals affirmed it on September 25, 2025.   Nothing about this sequence of events shows any modification of a transcript or anything nefarious.   And what raising the issue at this stage has to do with the validity of Mehdi Moslem's convictions is anybody's guess.   But it is clear that Mehdi Moslem's theory – that somebody tampered with a transcript to cover up a *Ciminelli* error, (Mot. at 2-6) – is not only factually baseless but nonsensical, given that Defendants fully aired the *Ciminelli* issue on appeal and the Court of Appeals has already rejected their argument.[4]

For the reasons stated above, the motion is dismissed, and the Court declines to transfer it to the Court of Appeals.   The Clerk of Court is respectfully directed to send a copy of this Order to Mehdi Moslem, 138 Smith Clove Road, Central Valley, NY 10917.

Dated: January 21, 2026
     White Plains, New York

*Cathy Seibel*

_____
CATHY SEIBEL, U.S.D.J.

---

[4] In *Ciminelli v. United States*, 598 U.S. 306, 309 (2023), decided after trial in this case, the Supreme Court held that "the right-to-control theory is not a valid basis for liability under" the wire fraud statute.   On appeal, Defendants argued that it was therefore error to instruct the jury on both the traditional property theory and the right-to-control theory, but the Circuit found that in light of "the strength of the evidence supporting the traditional property theory," it was "confident that the jury would have convicted in the absence of the error."   *Moslem*, 2025 WL 2731320, at *3.